UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ADRIANNE L. LARAMORE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-217-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| OLD NATIONAL BANK, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Adrianne Laramore is a resident of Lexington, Kentucky. Proceeding without an attorney, Laramore recently filed a civil Complaint and motion for leave to proceed *in forma pauperis*. [Record Nos. 1 and 5] The financial information provided suggests that Laramore lacks sufficient assets or income to pay the filing and administrative fees in this case. Therefore, Laramore will be allowed to proceed as a pauper.

However, after conducting an initial screening of Laramore's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes that the matter should be dismissed due to numerous problems with Laramore's pleading.

As drafted, the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Laramore's factual allegations are not "simple, concise, and direct" as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. Instead, they are vague and difficult to follow. While Laramore begins her Complaint by indicating that she was unable to retrieve funds from a financial institution, she then confusingly refers

to a police report and a court order, using the phrase "fraud and forgery by defendants," all without providing a comprehensible context for her statements. [*See* Record No. 1 at 2.]

Next, the Complaint does not contain a short and plain statement of Laramore's legal claims which demonstrate that she is entitled to relief as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Laramore's claims are hard to discern and otherwise unsupported. For example, she references 12 U.S.C. § 1813 at the beginning of her pleading, but that section of the United States Code simply defines various terms related to the Federal Deposit Insurance Corporation. It does not, on its own, establish a private right of action against a financial institution or its employees. And while Laramore also accuses various individuals and/or business entities of "discriminatory, negligent and defamatory practices," she does not offer any substantive factual basis for these claims.

In addition to the foregoing deficiencies, the Complaint does not include "a demand for the relief sought" which is also a requirement to state a claim for relief. *See* Fed. R. Civ. P. 8(a)(3). It is true that the JS 44 civil cover sheet that Laramore signed and submitted mentions a demand for "$2,000,000.00" [Record No. 1-1], but Laramore did not include any request for relief in her pleading. *See Benton v. Kentucky Community & Technical College*, No. 5:14-cv-042-JMH, 2014 WL 4388255, at *1 n.1 (E.D. Ky. 2014) (explaining that "the civil cover sheet is strictly an administrative tool and is not a 'pleading'" under the Federal Rules of Civil Procedure).

As a result of the identified problems, the Court will dismiss this civil action. *See* 18 U.S.C. § 1915(e)(2)(B)(ii). However, this dismissal will be without prejudice. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) (explaining that, if a complaint

violates Rule 8, one option is for a district court to "dismiss without prejudice and with leave to amend."). Therefore, Laramore may file a new civil action regarding the matter raised in her initial pleading, and the Court will send her a blank form she may use for that purpose. If Laramore elects to file a new complaint, and thus a new civil action, she must list the various defendants against whom she intends to assert claims and is seeking relief and clearly explain what each named defendant specifically did (or failed to do) to allegedly cause her harm. Laramore must also include a demand for the relief sought in any new pleading. And Laramore must sign any new Complaint and file it with the Court.

If Laramore later files a new action, she must either pay the $402.00 in filing and administrative fees up front and in full or properly pursue pauper status by completing and filing an E.D. Ky. 519 Form (this is the form typically used in this district by non-prisoners seeking leave to proceed *in forma pauperis*). Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Laramore's motion for leave to proceed *in forma pauperis* [Record No. 5] is **GRANTED**. Payment of the filing and administrative fees is **WAIVED**.

2. Plaintiff Laramore's current Complaint [Record No. 1] is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 18 U.S.C. § 1915(e)(2)(B)(ii).

3. This action is **DISMISSED** and **STRICKEN** from the docket.

4. The Clerk's Office is directed to send Laramore the following blank forms:

   a. a Pro Se 1 Complaint for a Civil Case Form, which is available at
      https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case; and

    b. an E.D. Ky. 519 Form.

Dated: July 18, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky